1
2
3
4
5
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

7   UNITED STATES OF AMERICA,                    )   No. 21-MJ-71822-MAG
                                                 )
8          Plaintiff,                            )
                                                 )   ORDER OF DETENTION
9      v.                                        )
                                                 )
10  ALBERT COLLINS,                              )
                                                 )
11         Defendant.                            )
    _____)

12
13

    The parties appeared before the Court on November 26, 2021, for a detention hearing.  At the

hearing, the defendant was present by videoconference and represented by Assistant Federal Public

Defender Chloe Kim.  The government was represented by Assistant United States Attorney Lauren

Harding.  Pretrial service prepared a pretrial report recommending detention based on danger to the

community and risk of nonappearance.  The government moved for detention, arguing that no condition

or combination of conditions of release would reasonably assure the appearance of the defendant or the

safety of the community.  After argument, the Court ordered the defendant detained.

    In support of its motion for detention, the government proffered information about the nature and

circumstances of the charged offense, the defendant's criminal history, and the circumstances of the

arrest for the current charge.  In particular, having been convicted in 2017 of being in possession of a

firearm after previously being convicted of a felony, and then convicted in April 2019 of ownership of

ammunition, among other things, there is probable cause to believe that Mr. Collins was found in

possession of a loaded firearm on his person on November 2, 2021—fewer than two months after he was

released from state custody.  While the defendant's aunt is willing to serve as a surety, but has correctly

noted that her neighborhood would not be an appropriate placement for Mr. Collins, and thus Defendant

proposes a halfway house or residential drug treatment, given his concerning conduct so soon after release from prison for similar conduct, the Court finds that the government met its burden of showing by clear and convincing evidence that defendant would pose a danger to the community if released. These findings are made without prejudice to defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3143(a) and Fed. R. Crim. P. 32.1(a)(6), IT IS ORDERED THAT:

1.     The defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.     The defendant be afforded reasonable opportunity for private consultation with counsel; and

3.     On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED:     November 26, 2021

_____
HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge